D. David DeWald (Wyo. Bar. No. 7-5538)
Deputy Attorney General
Shannon Leininger (Wyo. Bar No. 8-6932)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-3442 (phone)
(307) 777-3542 (fax)
david.dewald@wyo.gov
shannon.leininger@wyo.gov

*Counsel for Petitioner State of Wyoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING,<br><br>        Petitioner,<br><br>    v.<br><br>THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and MICHAEL REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>        Respondents. | Case No. _____<br><br>**PETITION FOR REVIEW OF FINAL AGENCY ACTION UNLAWFULLY WITHHELD** |

1.    With this action, Petitioner State of Wyoming, through undersigned counsel, seeks to compel the Environmental Protection Agency (EPA) and Michael S. Regan, the Administrator of the United States Environmental Protection Agency,

to fulfill their nondiscretionary duty under section 6945(d)(1) of the Resource Conservation and Recovery Act (RCRA). 42 U.S.C. § 6945(d)(1).

2.     The Solid Waste Disposal Act requires the Administrator to approve, in whole or in part, a state's coal combustion residual (CCR) permit program within 180 days of submission. 42 U.S.C. § 6945(d)(1)(B). The Wyoming Department of Environmental Quality submitted its proposed CCR permit program for approval on February 6, 2023, but the Administrator has yet to make a formal determination on the proposed program. Pursuant to 42 U.S.C. § 6972(a)(2), Wyoming seeks to compel the Administrator to perform this nondiscretionary duty under the Solid Waste Disposal Act.

## JURISDICTION AND VENUE

3.     The Administrator has a nondiscretionary duty to determine if a submitting state's CCR program requires CCR units in that "State to achieve compliance with[] (i) the applicable criteria for [CCR] units under [40 C.F.R. 257]." 42 U.S.C. § 6945(d)(1)(B)(i) (alterations added). Otherwise, the requirement that the Administrator approve a permit program within 180 days has no effect.

4.     Because the EPA has failed to make a formal determination on Wyoming's proposed CCR permit program, this Court has jurisdiction over this action. 42 U.S.C. § 6972(a)(2) (authorizing a citizen suit against the Administrator for failure to perform a nondiscretionary duty under the Solid Waste Disposal Act);

28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1361 (authorizing action to compel an officer of the United States to perform their duties); 28 U.S.C. §§ 2201-02 (authorizing declaratory relief and further relief based on a declaratory judgment).

5.      Congress has waived sovereign immunity in this action under 42 U.S.C. § 6972(a)(2).

6.      An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

7.      Venue is properly vested in the district court of Wyoming under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to this case occurred in this district. In addition, RCRA states that citizen suits against the Administrator for failure to perform any nondiscretionary duty may be brought in the district where the alleged violation occurred. 42 U.S.C. § 6972(a).

## NOTICE

8.      In accordance with 42 U.S.C. § 6972(c), on August 10, 2023, Wyoming mailed to the Administrator by email and certified mail, return receipt requested, written notice of intent to sue regarding the violations alleged in this petition. Exhibit 1. Wyoming also mailed a copy of the notice to the Attorney General of the United States. The EPA acknowledged that it received Wyoming's notice of intent to sue on August 16, 2023. Exhibit 2. Further, the date noted on the return receipt card was

August 17, 2023. Exhibit 2. More than the sixty days required under 42 U.S.C. § 6972(c) have passed since the EPA received this "notice of intent to sue" letter. As of the date of this petition, the EPA has not remedied the alleged violations.

## STANDING

9.      Because the Solid Waste Disposal Act provides that States may operate a CCR permit program in lieu of the federal CCR program upon the EPA's approval, Wyoming has a legally protected interest in the EPA acting on Wyoming's proposed CCR permit program application in a timely manner. 42 U.S.C. § 6945(d).

10.     "When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant." *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007). Under 42 U.S.C. § 6972(a), this action may result in an order for the EPA to perform its nondiscretionary duty. Accordingly, Wyoming has standing to ensure the EPA reviews Wyoming's proposed CCR permit program under the statutorily required procedures.

11.     Wyoming thus satisfies the Article III standing requirements of injury, causation, and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## PARTIES

12.     The Petitioner in this case is the State of Wyoming. The State of Wyoming is a "person" under 42 U.S.C. § 6903(15). The Solid and Hazardous Waste Division of the Department of Environmental Quality protects Wyoming's environment and the health of its citizens by ensuring proper management of solid and hazardous waste. The Solid and Hazardous Waste Division accomplishes those goals by permitting, conducting inspections, and providing regulatory assistance to state-regulated entities. *See* Wyo. Stat. Ann. § 35-11-501. The Department of Environmental Quality adopted the subject CCR permit program through its statutory authority. Wyo. Stat. Ann. § 35-11-503.

13.     The Respondents are the EPA and its Administrator, Michael Regan. The Solid Waste Disposal Act requires the Respondents to review and approve Wyoming's proposed CCR permit program. 42 U.S.C. § 6945(d).

## BACKGROUND

14.     Congress passed RCRA in 1976, amending the Solid Waste Disposal Act, and created a "cooperative federalism" approach to the management of waste. 42 U.S.C. § 6901(a)(4) ("that while the collection and disposal of solid wastes should continue to be primarily the function of State, regional, and local agencies, the problems of waste disposal as set forth above have become a matter national in scope

and in concern and necessitate Federal action through financial and technical assistance").

15.    Since 1973, Wyoming has provided for the regulation of solid waste. Wyo. Stat. Ann. §§ 35-11-501-537. In 1992, the Solid and Hazardous Waste Division of the Wyoming Department of Environmental Quality applied for partial approval of the state program to implement the Wyoming solid waste management program under Subtitle D of RCRA and 40 C.F.R. Part 258. *See* 60 Fed. Reg. 6088, 6089 (Feb. 1, 1995). On April 17, 1995, the EPA published a notice of final determination of partial program adequacy of Wyoming's Subtitle D program. *See generally,* 60 Fed. Reg. 19251 (Apr. 17, 1995).

16.    On July 15, 1997, the EPA published a Final Determination of Adequacy of Wyoming's Municipal Solid Waste Permit Program. 62 Fed. Reg. 37907 (July 15, 1997). Wyoming has been implementing its Subtitle D program for over twenty-eight years since the first partial program approval.

17.    In 2015, the EPA adopted rules to regulate the disposal of CCR. 80 Fed. Reg. 21302 (Apr. 17, 2015) (codified at 40 C.F.R. Part 257, Subpart D). Then, in 2016, Congress amended the Solid Waste Disposal Act to provide for state CCR permit programs. 42 U.S.C. § 6945(d).

18.    The current law states that, upon approval by the EPA, a state may operate a permit program for CCR units that will operate in lieu of federal regulation

in that state. *Id.* The process for approval begins when a state submits "evidence of a permit program" to regulate CCR units in lieu of the federal rules in 40 C.F.R. Part 257. 42 U.S.C. § 6945(d)(1)(A).

19.   This statute provides that the EPA must approve a permit program no later than 180 days after "a State submits the evidence described in [42 U.S.C. § 6945(d)(1)(A)]." 42 U.S.C. § 6945(d)(1)(B). The EPA will provide an opportunity for public comment and determine whether the state's proposed program requires compliance with "the applicable criteria for coal combustion residuals units under [40 C.F.R. § 257]." *Id.* § 6945(d)(1)(B)(i).

20.   As a result of Wyoming updating its rules, the Solid Waste Management, Chapter 18 Disposal of Coal Combustion Residuals in Landfills and Surface Impoundments became effective on August 19, 2022. *Rules, Wyo. Dep't of Env't Quality, Solid Waste Management*, ch. 18. In updating its rules, Wyoming incorporated 40 C.F.R. Part 257, Subpart D by reference, varying only for more stringent or broader-in-scope state-specific rules that are expressly listed within the rules. *See Rules, Wyo. Dep't of Env't Quality, Solid Waste Management*, ch. 18, §§ 1-15.

## FACTS

21.   On February 6, 2023, the Wyoming Department of Environmental Quality submitted Wyoming's proposed CCR permit program. *See* Exhibit 3. Based

on the EPA's advice, Wyoming only sought partial program approval, excluding portions of the vacated federal regulations that the EPA is currently revising.

22.    Upon the EPA's request, and to facilitate the EPA's review of Wyoming's proposed CCR permit program, Wyoming provided a regulatory crosswalk and an application checklist stating where the required elements of the application are located.

23.    On August 10, 2023, Wyoming sent a letter to the EPA pointing out that the 180-day deadline under 42 U.S.C. § 6945(d) had elapsed and requested that the EPA approve its program. In this letter, Wyoming formally notified the EPA that it would be filing this action after sixty days. Exhibit 1.

24.    Until the EPA has made a decision on Wyoming's proposed CCR permit program, Wyoming no longer meets the definition of a nonparticipating state. 42 U.S.C. § 6945(d)(2)(A) ("In this paragraph, the term 'nonparticipating State' means a State … (ii) the Governor of which has not submitted to the Administrator for approval evidence to operate a State permit program or other system of prior approval and conditions under paragraph (1)(A)[.]"). Because Wyoming is no longer considered a nonparticipating state, there are consequences to the EPA's delay extending beyond the 180-day deadline. The EPA may only implement a federal permit program in nonparticipating states, which no longer includes Wyoming. 42 U.S.C. § 6945(d)(2)(B). Furthermore, the Administrator is only given the authority

granted under sections 6927 (granting the EPA or authorized states authority to conduct inspections) and 6928 (providing for federal enforcement) if the CCR unit is located in a nonparticipating state or "located in a State that is approved to operate a permit program[.]" 42 U.S.C. § 6945(d)(4).

## COUNT I

### Declaratory Relief – Nondiscretionary Duty under 42 U.S.C. § 6945(d)

25.     Wyoming restates and incorporates Paragraphs 1-24.

26.      The EPA has a nondiscretionary duty under 42 U.S.C. § 6945(d) to determine whether Wyoming's proposed CCR permit program requires compliance with the applicable criteria for CCR units under 40 C.F.R. § 257 within 180 days of the State's submission of its permit program.

27.     More than 180 days have passed since Wyoming has submitted its CCR permit program under 42 U.S.C. § 6945(d).

28.     The EPA still has not determined whether Wyoming's CCR permit program meets the statutory standard under 42 U.S.C. § 6945(d).

29.     Wyoming is entitled to declaratory judgment.

## COUNT II

### Enforcement of Nondiscretionary Duty

30.     Wyoming restates and incorporates Paragraphs 1-29.

31.    Under 42 U.S.C. § 6972(a), Wyoming may file an action against the Administrator for failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

32.    Further, the district court shall have jurisdiction to order the Administrator to perform the act or duty.

33.    And, under 42 U.S.C. § 6972(e), the court may award costs of litigation, to the prevailing or substantially prevailing party as it finds appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Wyoming respectfully asks this Court to:

A.    Declare that the EPA has violated 42 U.S.C. § 6945(d) because it did not make a final determination on Wyoming's proposed CCR permit program within the statutorily prescribed 180-day time frame;

B.    Order the Administrator to make a final determination on Wyoming's proposed CCR permit program no later than ninety days after this Court issues the order declaring that the EPA has violated 42 U.S.C. § 6945(d);

C.    Retain jurisdiction over this action to ensure compliance with this Court's decree;

D.    Award appropriate costs of litigation to Wyoming; and

E.    Grant Wyoming such further and additional relief as this Court may deem just and proper.

Submitted this 18th day of October 2023.

/s/ *Shannon Leininger*
D. David DeWald (WSB No. 7-5538)
Deputy Attorney General
Shannon Leininger (WSB No. 8-6932)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-3442 *phone*
(307) 777-3542 *facsimile*
david.dewald@wyo.gov
shannon.leininger@wyo.gov

*Counsel for Petitioner State of Wyoming*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of October, 2023, a true and correct copy of the foregoing was served upon the following via United States mail, first class, certified, return receipt requested:

U. S. Environmental Protection
Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Michael Regan, Administrator
Environmental Protection Agency
Office of the Administrator
Mail Code 1101A
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Honorable Merrick B. Garland
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney's Office
Attn: Civil Process Clerk
P.O. Box 668
Cheyenne, WY 82001-0068

*/s/ Shannon Leininger*
Assistant Attorney General